ENTRY
This cause and matter came on to be heard by the Board of Tax Appeals upon appeals filed herein by the appellant, above named, under date of October 11, 1941, from an order of the Tax Commissioner under date of September 17, 1941, which denied an application of the appellant as a taxpayer for *550 final assessments of its machinery and equipment as taxable property for the years 1937 and 1938, respectively; and said cause was heard upon said appeals, upon a stipulation of the facts supplemented by professional statements of counsel and upon the tax returns and other files introduced in evidence and made a part of the record in the case; and the cause was thereupon submitted upon the arguments and briefs of counsel.
Upon consideration thereof the Board of Tax Appeals finds that on or about June 3, 1937, the appellant, above named, filed with the county auditor of Lucas County, Ohio, a consolidated tax return for and on behalf of appellant as a taxpayer and for and on behalf of certain subsidiary corporations therein named; in which tax return the appellant listed and returned for taxation for the year 1937 certain items of machinery and equipment which were owned by it and which were taxable as personal property, at a depreciated bock value of $3,463,979.00. And the Board of Tax Appeals further finds that on or about June 15, 1938. the appellant likewise filed a consolidated tax return for and on behalf of itself and subsidiaries in which appellant listed and returned for taxation for the year '1938 machinery and equipment owned and held by said corporation and taxable as personal propperty, which as listed and returned by appellant had a depreciated book value of $3,398,219.00. In this connection the Board of Tax Appeals further finds that the appellant did not at the time of filing its said tax returns for the years 1937 and 1938, respectively, make or file- any claim for deduction from the depreciated book value of appellant’s said personal property for either of said years as authorized and provided for by §5389 GC. And as to this the Board finds that the only tax assessment made by the Tax Commission on appellant’s machinery and equipment ancj other personal property for the tax years 1937 and 1938, respectively, was that made by preliminary tax certificates on appellant’s personal property for said years and in exact accordance with the several tax returns made by the appellant for such years; and that the taxes so assessed in accordance with the tax returns made by the appellant as aforesaid were paid by the appellant for each of said years when and as the same became due and payable, without any appeal or attempted appeal by said taxpayer from said tax assessments under the then provisions of §5394 GC.
The Board further finds that thereafter on or about June 26,1941, the appellant corporation, which previously as a taxpayer had filed with the Tax Commissioner waivers as to the time within which under the provisions of §5377 GC, said officer was authorized to issue final assessment certificates as to appellant’s taxable personal property for the years 1937 and 1938, filed with said Tax Commissioner claims for deductions from the depreciated book value of appellant’s machinery and equipment theretofore listed and returned by it for taxation in the Toledo taxing district for the years 1937 and 1938, as aforesaid; and as to this the appellant in its said claim for the tax year 1937 set out therein the depreciated book value of its machinery and equipment in the amount of $3,463,979 as theretofore listed and returned by the appellant for taxation for said year, and claimed a deduction therefrom in the amount of $1,594,113.00, thereby giving said property a true value, as claimed by the appellant, in the amount of $1,869,866.00. In its said *551 claim for the tax year 1938 the appellant set out therein the book value of its machinery and equipment in the Toledo taxing district as the same was listed in its tax return for said year, which book value, as hereinbefore stated, was the sum of $3,398,219.00. From this amount the appellant claimed a deduction in the amount of $1,562,-707.00, reducing the taxable valuation of said property for the year the sum of $1,835,512.00, which jamount the appellant therein stat-fed was the true value of this property for said year.
Thereafter on or about August 11, 1941, the appellant made a request in writing for a final assessment of said property for the years 1937 and 1938 and filed the same with the Tax Commissioner, together with a memorandum in support of said application. On September 17, 1941, the Tax Commissioner denied appellant’s application for final assessments of appellant’s said personal property for the tax years 1937 and 1938 by an order which was in words and figures as follows:
“The application of Willys-Overland Motors, Inc., for final assessment of tangible personal property for the years 1937 and 1938 came on to be considered after having been duly heard.
“It appears that the application is predicated upon the position that valuations of tangible personal property of applicant for the Shears 1937 and 1938, as reflected by depreciated book value of such property, were greater than true value. It further appears that claim for deduction from such depreciated book value was not made in writing by the taxpayer at the time of making its 1937 and 1938 returns.
“It is accordingly held that the Tax Commissioner is without jurisdiction to consider any deduction below such, depreciated book value and issue an amended or final assessment certificate based thereon.
“The application is accordingly denied.”
The appeals now before the Board of Tax Appeals in this case are those filed by the appellant from the order of the Tax Commissioner denying appellant’s application for final assessments on the property in question for said tax years.
On consideration of this case on said appeals and on the admitted facts above stated, the Board of Tax Appeals finds that said claims for deduction from the book value of appellant’s machinery and equipment for the tax years 1937 and 1938, respectively, were not filed at the time appellant listed and returned said machinery and equipment and other personal property for taxation for said years 1937 and 1938, respectively, and that said claims for deduction from the book value of said property as listed and returned by appellant for said respective years, were not filed until long after the appellant had paid the taxes on the property in accordance with tax certificates made and issued by the tax commission on appellant's said property and on the valuation of said property as the same was listed and returned by the appellant for said years. And as to this the Board further finds that there was no authority for the filing of said claims for deduction from book value at the time said claims were filed, and that said claims for deduction from book value aa filed by the appellant were and are without legal effect so far as the questions presented by said appeals are concerned.
*552 Upon further consideration of this case on the appeals filed by appellant herein, the Board finds that the application filed by the appellant with the Tax Commissioner for the final assessment of the property here in question for the years 1937 and 1938, was so filed under the assumed authority of §5395 GC, for the purpose of obtaining a finding and determination by the Tax Commissioner of the true value of said property for each of said tax years in amounts less than the depreciated book value of such property foi" said respective years. As to this the Board finds that although §5395 GC, as the same provided at the time the tax assessrnents on this property for the years 1937 and 1938 were made, and said section as the same was later amended and in effect at the time said application for final assessment was filed, empowered and authorized the Tax Commissioner to issue final assessments with respect to preliminary assessments which had not been appealed to the tax commission or to the Board of Tax Appeals as the successor of the tax commission, there is nothing in the provisions of said section as It formerly read or as later amended, which in terms requires the Tax Commissioner to issue final assessments on intangible or personal property theretofore assessed by preliminary assessment certificates, either on the application of the taxpayer or otherwise. Moreover, with respect to the appeals here in question from the order of the Tax Commissioner denying appellant’s application for a final assessment of this property for the years 1937 and 1938, the Board is of the view that §§1464-1 (¶5) and 5611 GC, providing generally for the appellate jurisdiction of the Board of Tax Appeals with respect to assessment orders made by the Tax Commissioner, are to be read in connection with the more specific provisions of §5395 GC, and that under §5395 GC, the only right of appeal to the taxpayer therein provided for is from a final assessment actually issued by the Tax Commissioner, and then only from a deficiency assessment made against the taxpayer in and by, such final assessment. Inasmuch, however, as the Tax Commissioner has not challenged the jurisdiction and authority of the Board of Tax Appeals to entertain and determine the appeals filed by the appellant herein, by motion to dismiss said appeals or otherwise, but has submitted the case to the Board of Tax Appeals on the law and on the facts presented by the record in this case, the Board assumes jurisdiction of the case as presented on said appeals; and without making any finding as to the validity in point of law of the reason ascribed by the Tax Commissioner for his order denying appellant’s application for final assessments of the property in question for said tax years, the Board finds that no legal duty or obligation was imposed on the Tax Commissioner to make a final assessment of this property for said years, on the application of the appellant or otherwise; and in this view it was and is immaterial as to what, if any, reason was given by the Tax Commissioner for; his action in denying said application.
It is, therefore, by the Board of Tax Appeals considered and ordered that the order of the Tax Commissioner complained of in said appeals be, and the same hereby is, affirmed.
BOARD OF TAX APPEALS.